For the following reasons, I must respectfully dissent.
In order to affirm a conviction when appellant is raising the issue of ineffective assistance of counsel, this court must, by definition, find that there was effective assistance of counsel. To accomplish that task, this court must go further than merely identifying a strategy adopted by trial counsel. There must be a finding by this court that some defense strategy, however tenuous, was tried and rejected by the jury. It is not sufficient for this court to defer totally to the strategies of defense counsel and remain satisfied that the defendant got a fair trial. Stated more succinctly, before an appellate court may defer to a defense strategy, one must be identified and ratified. In the instant matter, I found none. Simply having a defendant take the stand and deny culpability is not sufficient to escape the label of "ineffective assistance of counsel." This was a murder case, and the stakes remain high.
Two logical, but poorly executed, defense strategies existed in this case. On one hand, defendant could have built upon the concept that there was a lot of confusion and a lot of potential shooters, with weapons and motives, at the scene. Such a reasonable defense strategy could readily lay the foundation for attacking the state's evidence on a "beyond a reasonable doubt" basis. If defense counsel was, in fact, working on developing the "confusion/multiple shooter" theory, there is no possible justification for the failure to subpoena the emergency room witnesses. They all identified "other" potential shooters, motives, and weapons. Clearly, counsel's attempt to admit the testimony through the police reports, on a hearsay exception theory, demonstrates her belief the testimony had probative value. Yet accepting that analysis as credible leads to the inescapable conclusion that the failure to properly present this testimony to the jury can only be charitably labeled as inept. Ineffective is another description. This failure standing alone demonstrates ineffective assistance of counsel and is grounds for a new trial.
You simply cannot ignore your duty to subpoena relevant witnesses to trial and then attempt to retrieve their testimony through complicated legal maneuvering. If the witnesses' testimony was important, they should have been on the stand giving sworn testimony. There is no legal strategy to support the failure to perfect a subpoena and then attempt to resurrect the testimony through a hearsay exception.
On the other hand, the defense strategy may have been predicated on the legally justifiable concept of self- defense. Under the factual circumstances presented here, self-defense may have been viable. The defendant's testimony on the subject, however, fell far short of what was needed to establish the defense. The majority states that "appellant cannot assert inadequate assistance of counsel due to his own testimony." I respectfully disagree. In his testimony, appellant testified that he was "acting in fear" which clearly is ONE OF THE ELEMENTS of self- defense. However, the testimony as presented was only elicited on cross-examination, and thus, it was clear that defense counsel either had not considered the defense, or at a minimum, had not prepared the witness in anticipation of testifying to the elements required to prove the defense. If it was a good defense strategy, it was not effectively utilized. The defendant never denied firing a weapon during this gang-related fracas. And the evidence was unequivocal that he was in the middle of a very dangerous situation. At the court of appeals level, it is not readily apparent what the theory of defense was, and if it included self-defense. That is clearly ineffective assistance of counsel.
______________________________________ JUDGE WILLIAM M. O'NEILL